### Olive Allott, Defendant in Error, v. William H. Bowers, Plaintiff in Error.

### Gen. No. 16,327.

LANDLORD AND TENANT—*what constitutes eviction.* If the landlord create. a nuisance either upon or near the demised premises it amounts to an eviction.

Error to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded with directions. Opinion filed March 28, 1912.

EDWARD J. KELLEY, for plaintiff in error.

WILLIAM A. ROGAN, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

In this case we are asked to reverse the action of the

court below in denying a motion to vacate a judgment entered by confession on a lease, and to permit the defendant to plead to the merits.

The plaintiff in error, William H. Bowers, hereinafter called the tenant, was a tenant of a certain apartment in Chicago, under a written lease from the defendant in error, hereinafter called the landlord.. The apartment immediately above the one leased to said tenant was occupied by the landlord. It is claimed by the tenant that the landlord so used his apartment as to create a nuisance, and thereby prevented the quiet enjoyment of the premises occupied by the tenant. This, it is claimed, was done by the landlord and his guests making loud noises during the night, and by permitting the apartment to be used and frequented by drunken persons and to be used as a house of ill-fame.

After notifying the landlord in writing of his intention so to do, the tenant vacated the premises. The rent was paid for the time the tenant occupied the apartment, and the judgment entered by confession is for a period subsequent to this removal.

In support of his motion to vacate said judgment and for leave to plead, affidavits were filed tending to support the claims of the tenant. If the statements therein made were shown to be true, there would have been sufficient grounds for vacating the premises, without incurring any liability for rent for the period subsequent to the removal. This is upon the principle that if the landlord creates a nuisance either upon or near the premises, it will amount to an eviction. Wood, Landlord and Tenant, page 803.

In our opinion the motion of the tenant should have been allowed, the judgment vacated, and the tenant permitted to plead to the merits. The judgment will therefore be reversed and the cause remanded with directions to proceed in accordance with the opinion herein expressed.

*Reversed and remanded with directions.*